[No. 12812. Department Two. June 26, 1915.]

THE STATE OF WASHINGTON, *on the Relation of Lucy Nicholson, Plaintiff*, v. THE SUPERIOR COURT FOR SPOKANE COUNTY, *Respondent*.[1]

APPEAL—DECISION—REVERSAL AND REMAND — SCOPE OF DECISION. Upon an appeal in probate proceedings, where the sole question presented was whether the evidence was sufficient to establish a partnership as to the estate under administration, and the case was remanded with directions to enter a decree in favor of the appellant establishing her one-half interest in the estate, the trial court has no power to go further or to enter a judgment requiring a conveyance of one-half of the partnership property and a money judgment for the proceeds of other property; no accounting having been had or debts or claims against the estate established.

Application filed in the supreme court April 24, 1915, for a writ of mandamus to compel the superior court for Spokane county, Kennan, J., to sign a judgment in favor of relator. Denied.

*Voorhees & Canfield* and *C. E. H. Maloy*, for relator.

*Peacock & Ludden*, for respondent.

MAIN, J.—This is an original application to this court for a writ of mandamus. On or about December 16, 1912, the relator here brought an action against one T. T. Kilbury, as the administrator of the estate of Emma J. Kilbury, deceased. The purpose of this action was to establish the fact that a partnership relation existed between the plaintiff

[1]Reported in 149 Pac. 666.

and Emma J. Kilbury, deceased, during the latter's lifetime, and for an accounting. After the issues were framed, the cause in due time came on for trial before the court sitting without a jury. At the conclusion of the trial, the judge of the superior court before whom the cause was tried, being of the opinion that the evidence failed to establish a partnership relation, dismissed the action. Thereafter an appeal was prosecuted to this court by the plaintiff, and the judgment of the trial court was reversed, this court being of the opinion that the evidence established the existence of the partnership relation. *Nicholson v. Kilbury*, 83 Wash. 196, 145 Pac. 189.

After the remittitur had been filed in the office of the clerk of the superior court, the plaintiff presented to the trial judge a form of judgment. By this proposed judgment, the partnership relation was established, the property was described, the administrator of the estate of Emma J. Kilbury, deceased, was required to convey an undivided one-half interest in the property to the plaintiff, and also provided that the administrator should pay to the plaintiff the sum of $3,900. This sum is claimed to be one-half of the net proceeds from a sale by the administrator of certain of the property of the partnership. The trial court declined to sign the judgment in the form indicated. The court was willing to sign a judgment adjudicating the fact of the partnership relation, and describing the property, but was unwilling to sign a judgment which required the administrator to convey to the plaintiff one-half of the partnership estate and render a money judgment against the administrator for the sum mentioned. The present application was made for the purpose of requiring the trial judge to sign the judgment in the form presented.

The question here presented is whether the plaintiff had a right to a judgment directing the conveyance of one-half of the partnership estate and providing for a money judgment against the administrator for the sum of $3,900. When the

cause was here upon appeal, as shown by the opinion in the case, "the sole question presented by this appeal is whether the evidence was sufficient to establish the alleged partnership." After finding that the evidence was sufficient to establish the partnership relation, the cause was "remanded with direction to enter a decree in favor of the appellant establishing her undivided one-half interest in the entire estate," except the proceeds of what is known as the Markel notes, about which there was no contention. We think the judgment which the trial court was willing to sign was as broad as the direction given by this court in reversing the case. The estate of Emma J. Kilbury, deceased, was in process of administration. To enter a judgment requiring the conveyance of one-half of the partnership property, and a money judgment for the proceeds of the other property, would be to determine in this action questions which properly would be determined in the administration proceeding. Neither the trial court nor this court made any accounting between the parties. What the debts or claims against the partnership estate amounted to does not appear.

The writ will be denied.

MORRIS, C. J., ELLIS, FULLERTON, and CROW, JJ., concur.